**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| RODNEY IPAYE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No.: 1:24-cv-08958 |
| v. | ) | |
| | ) | |
| CITY OF CHICAGO; | ) | |
| CHICAGO POLICE DEPARTMENT; | ) | |
| Officer NICU TOHATAN (Badge No. 18703); | ) | |
| Officer RENAULT (Badge No. 17404); | ) | |
| Officer RICHARD RODRIQUEZ (Badge No. 12157); | ) | |
| Officer JOSEPH VECCHIO (Badge No. 14469); | ) | |
| Officer JOSEPH M. UCHO (Badge No. 18060); | ) | |
| Officer WASHINGTON MINA (Badge No. 18599); | ) | |
| Officer JASSER BOUCHANE (Badge No. 18277); | ) | |
| Officer ROBERT MICHALSKI (Badge No. 5891); | ) | |
| Officer WILLIAM SIERZEGA (Badge No. 19352); | ) | |
| and Other UNKNOWN OFFICERS, | ) | |
| | ) | |
| Defendants. | ) | |

## COMPLAINT

### INTRODUCTION

1.     This is a civil rights action seeking damages and declaratory relief for violations of Plaintiff Rodney Ipaye's rights under the Fourth and Fourteenth Amendments to the United States Constitution, as well as Illinois state law. The claims arise from a series of incidents involving officers of the Chicago Police Department ("CPD") between September 2023 and April 2024, reflecting a pattern of police misconduct, including unlawful searches, false arrests, racial discrimination, and excessive use of force.

2.     During this period, Plaintiff was subjected to multiple traffic stops and searches of his person, vehicle, and belongings without probable cause or valid consent. These incidents occurred at various locations in Chicago, Illinois and involved Defendant Officers Tohatan,

Renault, Rodriguez, Vecchio, Ucho, Mina, Bouchane, Michalski, Sierzega, and other Unknown Officers. Despite the absence of legal justification, the Defendant Officers conducted invasive searches, unlawfully arrested Plaintiff, and verbally harassed him using racially derogatory language.

3.      Plaintiff was repeatedly subjected to racial profiling by CPD officers, who used the N-word and other abusive language during his detentions. These discriminatory actions violated Plaintiff's constitutional rights, caused him severe emotional distress, and exacerbated the harm caused by the unlawful arrests and searches.

4.      On September 26, 2023, at a BP gas station, Plaintiff was unlawfully arrested by CPD officers, including Officers Tohatan, Renault, Bouchane, Michalski, and Sierzega.

5.      Although Plaintiff possessed valid insurance at the time, he was falsely charged with driving without insurance and violating Illinois statute 625 ILCS 5/11-502.15(b), which concerns the improper storage of cannabis.

6.      The officers conducted an unlawful search of Plaintiff's bag without consent. Alternatively, even assuming limited consent had been given, the search exceeded its lawful scope. During the detention, Plaintiff was subjected to racially derogatory language, including the use of the N-word, and was detained without proper legal justification.

7.      On October 21, 2023, Plaintiff was stopped for a traffic violation by Officers Ucho and Mina during which an unlawful search of vehicle and person took place without Plaintiff's consent or probable cause.

8.      On April 9 and 10, 2024, Plaintiff was subjected to excessive force during traffic stops for minor violations, during which Officers Rodriquez and Vecchio unjustifiably drew their

firearms. There was no indication that Plaintiff posed any threat to officer or public safety, rendering the use of force excessive and unwarranted.

9.  Additionally, Plaintiff has been systematically denied access to public records related to these incidents. Despite submitting multiple Freedom of Information Act (FOIA) requests for body camera footage, dashcam footage, police reports, and other relevant documents, the City of Chicago and its police department failed to comply with statutory obligations under 5 ILCS 140.

10. As a result of Defendants' actions, Plaintiff has suffered significant emotional, psychological, and financial harm, including prolonged detentions, humiliation, public embarrassment, financial losses from towing fees and legal expenses, and the ongoing violation of his right to access critical evidence.

11. Plaintiff now brings this action seeking compensatory and punitive damages, declaratory and injunctive relief, as well as attorneys' fees and costs under federal and state law.

## JURISDICTION AND VENUE

12. This Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331, as this case involves federal questions under 42 U.S.C. § 1983, and the Fourth and Fourteenth Amendments to the United States Constitution.

13. The Court has supplemental jurisdiction over Plaintiff's state law claims, including Plaintiff's claim for indemnification under 745 ILCS 10/9-102 against Defendant City of Chicago, pursuant to 28 U.S.C. § 1367, as these claims arise from the same nucleus of operative facts as the federal claims.

Venue is proper in the Northern District of Illinois under 28 U.S.C. § 1391(b), as the events giving rise to this action occurred within this District.

# PARTIES

14.     Plaintiff, RODNEY IPAYE, is an adult resident of the City of Chicago, Illinois. At

all relevant times, Plaintiff was a law-abiding citizen, and he suffered injuries as a direct

result of Defendants' unlawful actions, including unlawful searches, false arrests, racial

discrimination, and violations of his constitutional rights.

15.     Defendant CITY OF CHICAGO is a municipal corporation organized under the

laws of the State of Illinois. The City of Chicago is responsible for the policies, practices, and

customs of the Chicago Police Department (CPD) and is liable for the actions of its officers acting

within the scope of their employment and under color of law. The City is also responsible for

ensuring compliance with public records requests under the Illinois Freedom of Information Act

(5 ILCS 140).

16.     Defendant Chicago Police Department (CPD) is a law enforcement agency

responsible for the conduct, training, supervision, and oversight of its police officers. At all

relevant times, CPD was responsible for the actions of its officers and for ensuring compliance

with constitutional protections, including the rights of individuals to be free from unreasonable

searches, seizures, and racial discrimination. CPD is also responsible for ensuring proper

compliance with FOIA requests related to public records.

17.     Defendant Officer TOHATAN (Badge No. 18703), (hereinafter, "Officer Tohatan")

at all relevant times, was a police officer employed by the CPD and the City of Chicago and acting

under color of state law.

18.     Defendant Officer RENAULT (Badge No. 17404), (hereinafter, "Officer Renault") at all relevant times, was a police officer employed by the CPD and the City of Chicago and acting under color of state law.

19.     Defendant Officer RICHARD RODRIQUEZ (Badge No. 12157), (hereinafter, "Officer Rodriquez") at all relevant times, was a police officer employed by the CPD and the City of Chicago and acting under color of state law.

20.     Defendant Officer JOSEPH VECCHIO (Badge No. 14469), (hereinafter, "Officer Vecchio") at all relevant times, was a police officer employed by the CPD and the City of Chicago and acting under color of state law.

21.     Defendant Officer JOSEPH M. UCHO (Badge No. 18060), (hereinafter, "Officer Ucho") at all relevant times, was a police officer employed by the CPD and the City of Chicago and acting under color of state law.

22.     Defendant Officer WASHINGTON MINA (Badge No. 18599), (hereinafter, "Officer Mina") at all relevant times, was a police officer employed by the CPD and the City of Chicago and acting under color of state law.

23.     Defendant Officer JASSER BOUCHANE (Badge No. 18277) (hereinafter, "Officer BOUCHANE") at all relevant times, was a police officer employed by the CPD and the City of Chicago and acting under color of state law.

24.     Defendant Officer ROBERT MICHALSKI (Badge No. 5891) (hereinafter, "Officer MICHALSKI") at all relevant times, was a police officer employed by the CPD and the City of Chicago and acting under color of state law.

25.     Defendant Officer WILLIAM SIERZEGA (Badge No. 19352) (hereinafter, "Officer SIERZEGA") at all relevant times, was a police officer employed by the CPD and the City of Chicago and acting under color of state law.

26.     Other UNKNOWN OFFICERS, whose identities are currently unknown, also participated in the unlawful acts described in this Complaint. Upon information and belief, these officers are employed by the CPD and the City of Chicago, were acting under color of state law, and will be named when their identities and/or involvement are ascertained through Discovery.

**BACKGROUND**

**A. Incident on September 26, 2023 – Unlawful Search and Arrest at BP Gas Station**

27.     On or about September 26, 2023, Plaintiff was at a BP Gas Station located at the corner of Chicago Ave and Wells St., putting air in the tires of a vehicle that belonged to a friend.

28.     Defendant Officers Nicu Tohatan (Badge No. 18703), Renault (Badge No. 17404), Jasser Bouchane (Badge No. 18277), Robert Michalski (Badge No. 5891), and William Sierzega (Badge No. 19352) were among the officers present at the scene.

29.     Officer Tohatan and Officer Renault approached Plaintiff and told him that the vehicle had a suspended registration.

30.     The officers demanded Plaintiff's driver's license, which was inside a bag located on the passenger-side floor of the vehicle.

31.     Plaintiff offered to retrieve his license, but the officers refused and informed him that they would retrieve it themselves.

32.     Without Plaintiff's consent, the officers proceeded to search the entire bag.

33.     Inside the bag was a smell-proof, child-resistant container holding approximately 6 grams of marijuana, fully compliant with Illinois law.

34.     Despite this, the officers arrested Plaintiff and charged him with improper storage of cannabis, suspended registration, and no insurance.

35.     These charges were unfounded as Plaintiff had valid insurance at the time, the cannabis was stored in a proper and legally compliant container, and the stop occurred on private property while Plaintiff was neither operating nor inside the vehicle.

36.     Plaintiff was taken to the police station where his pants were removed and he was held in a jail cell without pants for several hours.

37.     While being held in the jail cell, Plaintiff was subjected to racial abuse, with the officers using racially derogatory language, including calling him a "Nigger."

38.     Plaintiff was detained from approximately 9:00 p.m. on September 26, 2023, to 12:30 p.m. the following day.

39.     At the time of his arrest, the vehicle Plaintiff was putting air in was towed by the officers, resulting in additional financial harm through towing and impound fees.

40.     All charges levied against Plaintiff were later dismissed.

**B. Incident on October 21, 2023 – Unlawful Traffic Stop and Search**

41.     On or about October 21, 2023, between 1:00 p.m. and 3:00 p.m., Plaintiff was stopped at or near the intersection of North Cambridge Ave and West Chestnut St. in Chicago by Officer Ucho and Officer Mina.

42.     The officers stopped Plaintiff under the pretense of a traffic violation but then conducted an unlawful search of his vehicle and person without probable cause or consent.

43.     Plaintiff was not engaged in any illegal activity at the time, and the search was conducted without a valid warrant or reasonable suspicion, violating Plaintiff's rights under the Fourth and Fourteenth Amendment.

44.     No citation was issued following the search, and the officers' actions were part of a broader pattern of racial profiling, harassment, and misconduct.

**C. Incident on April 9, 2024 – Unlawful Traffic Stop and Excessive Force**

45.     On April 9, 2024, Plaintiff was driving a black Jeep near the intersection of Cambridge Ave and Chicago Ave when he was pulled over and surrounded by six police cars under the pretense of a seatbelt violation.

46.     Officer Rodriquez and other officers involved in the stop drew their firearms, pointing them at Plaintiff, despite the minor nature of the traffic stop.

47.     The officers later claimed they were conducting an investigation into a recent shooting and attempted to justify their actions telling him that a Supreme Court decision purportedly allowed them to order Plaintiff out of the vehicle whenever they wanted.

48.     Plaintiff was not involved in any criminal activity and posed no threat to the officers, making the show of force excessive and unnecessary.

**D. Incident on April 10, 2024 – Unlawful Stop and Search Near North Kingsbury St.**

49.     On April 10, 2024, Plaintiff was again subjected to an unlawful stop and search by Chicago Police Officers near the intersection of West Ontario Ave and North Kingsbury St., at or near 645 N. Kingsbury St., between 6:00 p.m. and 9:00 p.m..

50.     The officers, including Officer Rodriquez and Officer Vecchio, conducted a search of Plaintiff's vehicle and person without probable cause or consent.

51. As in prior incidents, no citation was issued.

**E. FOIA Violations**

52.    These incidents reflect a broader pattern of police misconduct, including unlawful stops, searches, arrests, and the use of excessive force by officers of the Chicago Police Department (CPD).

53.    Plaintiff's counsel submitted FOIA requests for bodycam footage, dashcam footage, and other records related to the incidents discussed *supra*, but the CITY OF CHICAGO failed to comply.

54.    In addition to the individual constitutional violations, the City of Chicago has repeatedly failed to comply with FOIA requests filed by Plaintiff's legal counsel, seeking critical evidence related to these incidents, including bodycam and dashcam footage, police reports, and other relevant records.

55.    Despite multiple requests, the City of Chicago has improperly denied or delayed access to these records, in violation of 5 ILCS 140 (the Illinois Freedom of Information Act), further depriving Plaintiff of his right to obtain justice.

**COUNT I – Unlawful Search and Seizure Against Officer Tohatan (42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations)**

56.    Each of the foregoing paragraphs are incorporated as if restated fully herein.

57.    Defendant Officer Tohatan at all times relevant was a police officer employed by the Chicago Police Department and was acting under color of law and within the scope of his employment.

58.     On or about September 26, 2023, Defendant unlawfully searched Plaintiff's person, vehicle, and belongings without a valid warrant, probable cause, or consent.

59.     Defendant's actions was without consent, or in the alternative, exceeded the scope of Plaintiff's limited consent, when Defendant unlawfully searched Plaintiff's bag at the BP Gas Station located at the corner of Chicago Ave and Wells St., Chicago, Illinois.

60.     During the search, Defendant discovered approximately 6 grams of marijuana in Plaintiff's possession. However, the cannabis was stored in a secured, sealed, odor-proof, and child-resistant container, fully compliant with the requirements of 625 ILCS 5/11-502.15(b). Despite this, Defendant improperly charged Plaintiff under this statute, alleging that the cannabis was not stored in compliance with the law.

61.     In addition, Defendant charged Plaintiff with not having insurance, despite Plaintiff having valid insurance at the time. Said charges were later dismissed.

62.     Defendant's actions were unreasonable, unnecessary, and violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, to be free from unreasonable searches and seizures.

63.     Defendant Officer Tohatan acted willfully, maliciously, and with reckless disregard for Plaintiff's rights.

64.     As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional distress, humiliation, and a loss of liberty.

WHEREFORE, Plaintiff Rodney Ipaye, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against Defendant Officer Tohatan and award Plaintiff the following relief:

I. Compensatory damages in an amount to be determined at trial;

II. Punitive damages to punish Defendant for his unlawful actions and to deter similar conduct in the future;

III. Attorneys' fees and costs as provided under 42 U.S.C. § 1988;

IV. Any other relief this Court deems just and proper.

### COUNT II – False Arrest Against Officer Tohatan (42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations)

65. Each of the foregoing paragraphs are incorporated as if restated fully herein.

66. Defendant Officer Tohatan at all times relevant was a police officer employed by the Chicago Police Department and was acting under color of law and within the scope of his employment.

67. On or about September 26, 2023, Defendant approached Plaintiff while he was on private property at a BP Gas Station located at the corner of Chicago Ave and Wells St., Chicago, Illinois. At the time, Plaintiff was outside of the vehicle, putting air in the tires.

68. Despite the fact that Plaintiff was not inside the vehicle or driving it at the time, Defendant arrested Plaintiff without probable cause or legal justification, charging him with possession of cannabis, suspended registration, and no insurance.

69. The cannabis was stored in full compliance with Illinois law under 625 ILCS 5/11-502.15(b), and Plaintiff had valid insurance at the time of the arrest.

70. Defendant lacked any reasonable suspicion or probable cause to arrest Plaintiff, especially considering that Plaintiff was on private property and not inside or operating the vehicle at the time of the encounter.

71. The arrest of Plaintiff was unreasonable, unnecessary, and violated Plaintiff's right to be free from unreasonable seizures under the Fourth Amendment and Fourteenth Amendment to the United States Constitution.

72. Defendant acted willfully, maliciously, and with reckless disregard for Plaintiff's rights.

73. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional distress, humiliation, and loss of liberty.

WHEREFORE, Plaintiff Rodney Ipaye, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against Defendant Officer Tohatan and award Plaintiff the following relief:

I. Compensatory damages in an amount to be determined at trial;

II. Punitive damages to punish Defendant for his unlawful actions and to deter similar conduct in the future;

III. Attorneys' fees and costs as provided under 42 U.S.C. § 1988;

IV. Any other relief this Court deems just and proper.

### COUNT III – Racial Discrimination Against Officer Tohatan (42 U.S.C. § 1983 – Fourteenth Amendment Equal Protection Clause Violation)

74. Each of the foregoing paragraphs are incorporated as if restated fully herein.

75. Officer Tohatan at all times relevant was a police officer employed by the Chicago Police Department and was acting under color of law and within the scope of his employment.

76. On or about September 26, 2023, Defendant, without legal justification or probable cause, subjected Plaintiff to an unlawful search and arrest at a BP Gas Station located at the corner of Chicago Ave and Wells St., Chicago, Illinois, while Plaintiff was outside the vehicle, putting air in the tires.

77. During the encounter, Defendant used racially derogatory language, specifically referring to Plaintiff as a "Nigger".

78. Defendant's use of racial slurs and racial profiling violated Plaintiff's right to equal protection under the Fourteenth Amendment to the United States Constitution.

79. Defendant's actions were intentional and motivated by Plaintiff's race, constituting unlawful racial discrimination.

80. Defendant acted willfully, maliciously, and with reckless disregard for Plaintiff's constitutional rights.

81. As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional distress, humiliation, and psychological harm.

WHEREFORE, Plaintiff Rodney Ipaye, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against Defendant Officer Tohatan and award Plaintiff the following relief:

I. Compensatory damages in an amount to be determined at trial;

II. Punitive damages to punish Defendant for his discriminatory actions and to deter similar conduct in the future;

III. Attorneys' fees and costs as provided under 42 U.S.C. § 1988;

IV. Any other relief this Court deems just and proper.

**COUNT IV – Excessive Force Against Officer Rodriquez (42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations)**

82.     Each of the foregoing paragraphs are incorporated as if restated fully herein.

83.     Defendant Officer Richard Rodriquez (hereinafter, "Defendant"), at all times relevant, was a police officer employed by the Chicago Police Department and was acting under color of law and within the scope of his employment.

84.     On or about April 9, 2024, Plaintiff's had just dropped off his young daughter when Defendants stopped Plaintiff near the intersection of Cambridge Ave and Chicago Ave, Chicago, Illinois, while Plaintiff was driving a black Jeep.

85.     Despite the pretext of a minor seatbelt violation, Defendant and other officers surrounded Plaintiff's vehicle with six police cars and drew their firearms, pointing them at Plaintiff without legal justification.

86.     Plaintiff posed no threat to Defendant or any other officer, and the use of firearms was excessive, unnecessary, and a violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment.

87.     Defendant's actions were objectively unreasonable and constituted excessive force, causing Plaintiff to fear for his life.

88.     Defendant Rodriquez acted willfully, maliciously, and with reckless disregard for Plaintiff's rights.

89.     As a direct and proximate result of Defendant's actions, Plaintiff suffered emotional distress, humiliation, fear, and psychological harm.

WHEREFORE, Plaintiff Rodney Ipaye, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against Defendant Officer Richard Rodriguez and award Plaintiff the following relief:

I.    Compensatory damages in an amount to be determined at trial;

II.   Punitive damages to punish Defendant for his unlawful use of excessive force and to deter similar conduct in the future;

III.  Attorneys' fees and costs as provided under 42 U.S.C. § 1988;

IV.   Any other relief this Court deems just and proper.

**COUNT V – Unlawful Stop and Search Against Officer Rodriquez and Officer Vecchio (42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations)**

90.    Each of the foregoing paragraphs are incorporated as if restated fully herein.

91.    Defendant Officer Richard Rodriquez (hereinafter, "Officer Rodriquez") and Defendant Officer Joseph Vecchio (hereinafter, "Officer Vecchio"), at all times relevant, were police officers employed by the Chicago Police Department and were acting under color of law and within the scope of their employment.

92.    On or about April 10, 2024, Plaintiff was stopped by Defendants near the intersection of West Ontario Ave and North Kingsbury St., Chicago, Illinois, at or near 645 N. Kingsbury St., between 6:00 p.m. and 9:00 p.m..

93.    Defendants conducted an unlawful search of Plaintiff's person and vehicle without probable cause or consent.

94.    Plaintiff was fully compliant and posed no threat to Defendants, nor was Plaintiff engaged in any illegal activity at the time of the stop.

95. The search was conducted in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, which guarantees the right to be free from unreasonable searches and seizures.

96. No citation or legal justification was provided for the search.

97. Defendant Officers acted willfully, maliciously, and with reckless disregard for Plaintiff's constitutional rights.

98. As a direct and proximate result of Defendants' actions, Plaintiff suffered emotional distress, humiliation, and psychological harm.

WHEREFORE, Plaintiff Rodney Ipaye, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against Defendants Officer Richard Rodriquez and Officer Joseph Vecchio, and award Plaintiff the following relief:

I. Compensatory damages in an amount to be determined at trial;

II. Punitive damages to punish Defendants for their unlawful actions and to deter similar conduct in the future;

III. Attorneys' fees and costs as provided under 42 U.S.C. § 1988;

IV. Any other relief this Court deems just and proper.


### COUNT VI – Unlawful Search and Seizure Against Officer Renault (42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations)

99. Each of the foregoing paragraphs are incorporated as if restated fully herein.

100. At all times relevant, Officer Renault was a police officer employed by the Chicago Police Department, acting under color of law and within the scope of his employment.

101.     On or about September 26, 2023, Officer Renault unlawfully searched Plaintiff's person, vehicle, and belongings without a valid warrant, probable cause, or consent, while Plaintiff was at a BP Gas Station located at the corner of Chicago Ave and Wells St., Chicago, Illinois.

102.     Officer Renault, along with Officer Tohatan, unlawfully searched Plaintiff's entire bag without consent.

103.     Alternatively, even if limited consent was given, Officer Renault unlawfully exceeded that consent.

104.     During the search, Officer Renault discovered approximately 6 grams of marijuana in Plaintiff's possession, which was stored in a secured, sealed, odor-proof, and child-resistant container in compliance with 625 ILCS 5/11-502.15(b). Officer Renault nonetheless charged Plaintiff with possession of cannabis, suspended registration, and no insurance, despite Plaintiff having valid insurance at the time of arrest.

105.     Officer Renault's actions were unreasonable, unnecessary, and in violation of Plaintiff's rights under the Fourth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, to be free from unreasonable searches and seizures.

106.     Officer Renault acted willfully, maliciously, and with reckless disregard for Plaintiff's constitutional rights.

107.     As a direct and proximate result of Officer Renault's actions, Plaintiff suffered emotional distress, humiliation, and a loss of liberty.

WHEREFORE, Plaintiff, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against Officer Renault and award Plaintiff the following relief:

I.      Compensatory damages in an amount to be determined at trial;
II.     II. Punitive damages to punish Officer Renault for his unlawful actions and to deter similar conduct in the future;
III.    III. Attorneys' fees and costs as provided under 42 U.S.C. § 1988; IV. Any other relief this Court deems just and proper.

### COUNT VII – Failure to Intervene Against Officer Vecchio (42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations)

108.    Each of the foregoing paragraphs are incorporated as if restated fully herein.

109.    Officer Vecchio, at all times relevant, was a police officer employed by the Chicago Police Department and was acting under color of law and within the scope of his employment.

110.    On or about April 10, 2024, Officer Vecchio was present during the unlawful stop and search of Plaintiff conducted by Officer Rodriquez near the intersection of West Ontario Ave and North Kingsbury St., Chicago, Illinois.

111.    At the time, Officer Vecchio observed that Officer Rodriquez was violating Plaintiff's constitutional rights by conducting an unlawful search of Plaintiff's person and vehicle without probable cause or consent.

112.    Officer Vecchio had a reasonable opportunity to intervene and prevent the unlawful actions of Officer Rodriquez but failed to do so.

113. Officer Vecchio's failure to intervene violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, to be free from unreasonable searches and seizures.

114. As a direct and proximate result of Officer Vecchio's failure to intervene, Plaintiff suffered emotional distress, humiliation, and psychological harm.

WHEREFORE, Plaintiff, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against Officer Vecchio and award Plaintiff the following relief:

I. Compensatory damages in an amount to be determined at trial; II. Punitive damages to punish Officer Vecchio for his failure to intervene and to deter similar conduct in the future; III. Attorneys' fees and costs as provided under 42 U.S.C. § 1988; IV. Any other relief this Court deems just and proper.

### COUNT VIII – Failure to Intervene Against Other Unknown Officers (42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations)

115. Each of the foregoing paragraphs is incorporated as if fully restated herein.

116. Other UNKNOWN OFFICERS of the Chicago Police Department (hereinafter, "Defendant Officers"), at all times relevant, were police officers employed by the Chicago Police Department and were acting under color of law and within the scope of their employment.

117. These Defendant Officers were present during the unlawful stops, searches, and seizures of Plaintiff on or about September 26, 2023, October 21, 2023, April 9, 2024, and April 10, 2024.

118. At each of these times, Defendant Officers observed other officers violating Plaintiff's constitutional rights, including but not limited to: (a) Unlawful searches of Plaintiff's person, vehicle, and belongings; (b) False arrest and detention of Plaintiff; (c) Excessive force used against Plaintiff.

119.     Defendant Officers had a reasonable opportunity to intervene and prevent the violations of Plaintiff's rights but failed to intervene.

120.     The failure of these Defendant Officers to intervene violated Plaintiff's rights under the Fourth and Fourteenth Amendments to the United States Constitution, which guarantee the right to be free from unlawful searches, seizures, and the use of excessive force.

121.     By failing to intervene, Defendant Officers acted with deliberate indifference, showing a reckless disregard for Plaintiff's constitutional rights and failing to prevent the unlawful actions of their fellow officers.

122.     As a direct and proximate result of Defendant Officers' failure to intervene, Plaintiff suffered emotional distress, humiliation, and psychological harm.

WHEREFORE, Plaintiff Rodney Ipaye, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against the Other Unknown Officers, and award Plaintiff the following relief:

I.      Compensatory damages in an amount to be determined at trial;

II.     Punitive damages to punish Defendant Officers for their failure to intervene and to deter similar conduct in the future;

III.    Attorneys' fees and costs as provided under 42 U.S.C. § 1988;

IV.     Any other relief this Court deems just and proper.


**COUNT IX – Unlawful Traffic Stop and Search Against Officer Ucho and Officer Mina (42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations)**

123.     Each of the foregoing paragraphs are incorporated as if restated fully herein.

124.     Officer Ucho and Officer Mina at all times relevant, were police officers employed by the Chicago Police Department and were acting under color of law and within the scope of their employment.

125.     On or about October 21, 2023, between 1:00 p.m. and 3:00 p.m., Plaintiff was stopped by Defendants Officer Ucho and Officer Mina near the intersection of North Cambridge Ave and West Chestnut St., Chicago, Illinois.

126.     Defendants stopped Plaintiff under the pretense of a traffic violation, yet no citation was issued.

127.     Following the stop, Defendants conducted an unlawful search of Plaintiff's person and vehicle without probable cause, consent, or a warrant.

128.     Plaintiff was not engaged in any illegal activity at the time of the stop, and Defendants lacked any legal justification for the search.

129.     The actions of Defendants violated Plaintiff's rights under the Fourth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, which guarantees the right to be free from unreasonable searches and seizures.

130.     Defendants acted willfully, maliciously, and with reckless disregard for Plaintiff's constitutional rights.

131.     As a direct and proximate result of Defendants' actions, Plaintiff suffered emotional distress, humiliation, and psychological harm.

WHEREFORE, Plaintiff Rodney Ipaye, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against Defendants Officer Joseph M. Ucho and Officer Washington Mina, and award Plaintiff the following relief:

I. Compensatory damages in an amount to be determined at trial;

II. Punitive damages to punish Defendants for their unlawful actions and to deter similar conduct in the future;

III. Attorneys' fees and costs as provided under 42 U.S.C. § 1988;

IV. Any other relief this Court deems just and proper.

## COUNT X – Unlawful Search and Seizure Against Officer Ucho (42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations)

132. Each of the foregoing paragraphs are incorporated as if restated fully herein.

133. Officer Ucho, at all times relevant, was a police officer employed by the Chicago Police Department and was acting under color of law and within the scope of his employment.

134. On or about October 21, 2023, Officer Ucho, along with Officer Mina, conducted an unlawful stop and search of Plaintiff's vehicle and person near the intersection of North Cambridge Ave and West Chestnut St., Chicago, Illinois, without probable cause, a warrant, or Plaintiff's consent.

135. The search of Plaintiff's vehicle and person was conducted without a valid legal basis, violating Plaintiff's rights under the Fourth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, to be free from unreasonable searches and seizures.

136. Plaintiff was not engaged in any illegal activity, and no citation was issued after the search.

137. Officer Ucho acted willfully, maliciously, and with reckless disregard for Plaintiff's constitutional rights.

138. As a direct and proximate result of Officer Ucho's actions, Plaintiff suffered emotional distress, humiliation, and psychological harm.

WHEREFORE, Plaintiff, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against Officer Ucho and award Plaintiff the following relief:

I. Compensatory damages in an amount to be determined at trial;
II. II. Punitive damages to punish Officer Ucho for his unlawful actions and to deter similar conduct in the future;
III. III. Attorneys' fees and costs as provided under 42 U.S.C. § 1988;
IV. IV. Any other relief this Court deems just and proper.

### COUNT XI – Unlawful Search and Seizure Against Officer Mina (42 U.S.C. § 1983 – Fourth and Fourteenth Amendment Violations)

139. Each of the foregoing paragraphs are incorporated as if restated fully herein.

140. Officer Mina, at all times relevant, was a police officer employed by the Chicago Police Department and was acting under color of law and within the scope of his employment.

141. On or about October 21, 2023, Officer Mina, along with Officer Ucho, conducted an unlawful stop and search of Plaintiff's vehicle and person near the intersection of North Cambridge Ave and West Chestnut St., Chicago, Illinois, without probable cause, a warrant, or Plaintiff's consent.

142. The search of Plaintiff's vehicle and person was conducted without any valid legal basis, violating Plaintiff's rights under the Fourth Amendment to the United States Constitution, as incorporated through the Fourteenth Amendment, to be free from unreasonable searches and seizures.

143.     Plaintiff was not engaged in any illegal activity, and no citation was issued after the search.

144.     Officer Mina acted willfully, maliciously, and with reckless disregard for Plaintiff's constitutional rights.

145.     As a direct and proximate result of Officer Mina's actions, Plaintiff suffered emotional distress, humiliation, and psychological harm.

WHEREFORE, Plaintiff, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against Officer Mina and award Plaintiff the following relief:

I.      Compensatory damages in an amount to be determined at trial;
II.     II. Punitive damages to punish Officer Mina for his unlawful actions and to deter similar conduct in the future;
III.    III. Attorneys' fees and costs as provided under 42 U.S.C. § 1988;
IV.     IV. Any other relief this Court deems just and proper.


**COUNT XII– State Law Claim – Indemnification, 745 ILCS 10/9-102 Against Defendant City of Chicago**

146.     Each of the foregoing paragraphs are incorporated as if fully restated herein.

147.     During the relevant times, the City of Chicago employed Defendants Officer Nicu Tohatan (Badge No. 18703), Officer Renault (Badge No. 17404), Officer Richard Rodriquez (Badge No. 12157), Officer Joseph Vecchio (Badge No. 14469), Officer Joseph M. Ucho (Badge No. 18060), Officer Washington Mina (Badge No. 18599), Officer Jasser Bouchane (Badge No. 18277), Officer Robert Michalski (Badge No. 5891), Officer William Sierzega (Badge No. 19352), and UNKNOWN OFFICERS.

148.     The acts alleged herein were committed by the Defendant Officers as agents for or in the scope of their employment with the City of Chicago.

149.     Illinois law (745 ILCS § 10/9-102) provides that public entities are directed to pay any tort judgment for compensatory damages for which employees are liable within the scope of their employment activities.

WHEREFORE, should the Defendant Officers be found liable on one or more of the claims set forth above, Plaintiff Rodney Ipaye prays that, pursuant to 745 ILCS 10/9-102, the Defendant City of Chicago be held liable for and pay any judgment against said Defendant Officers, as well as attorneys' fees and costs awarded, and for any additional relief this Court deems just and proper.


## COUNT XIII – Municipal Liability Against the City of Chicago and Chicago Police Department (Monell Claim – 42 U.S.C. § 1983)

150.     Plaintiff re-alleges, restates, and incorporates all of the foregoing paragraphs of this Complaint as if fully set forth herein.

151.     Defendants City of Chicago and the Chicago Police Department (CPD), at all times relevant, were responsible for the policies, practices, and customs governing the actions of CPD officers, including the individual Defendants named in this Complaint.

152.     The City of Chicago has a documented and consistent pattern, practice, or custom of allowing its police officers to engage in excessive force, unlawful searches, wrongful detentions, and other forms of misconduct. This is evidenced by multiple lawsuits, settlements, and sustained disciplinary findings against Chicago Police Department officers, including those involved in Plaintiff's case.

153.     For example, in *Faris v. Officer Tohatan* (2022-CV-1729), the plaintiffs alleged that Officer Nicu Tohatan engaged in excessive force, unlawful search, wrongful detention, and malicious prosecution. This case was settled for $100,000, demonstrating a pattern of Officer

Tohatan engaging in unconstitutional conduct without adequate accountability or corrective action from the City.

154.     Similarly, in *Haley v. Officer Tohatan* (2022-CV-1785), Officer Tohatan was again accused of engaging in unlawful detention, false arrest, and unlawful search. This case was also settled. The City's failure to address Officer Tohatan's repeated unlawful actions through discipline or reform further highlights its role in allowing constitutional violations to persist.

155.     In *Partee v. Officer Tohatan* (2019-CV-3689), Officer Tohatan was sued for false arrest, excessive force, and unlawful search. Another settlement followed, demonstrating a continued pattern of unconstitutional conduct involving the same officer, with no meaningful disciplinary action from the City of Chicago.

156.     The misconduct is not limited to Officer Tohatan. In *Nelson v. William T. Sierzega* (24-CV-00641), Officer William Sierzega was sued for an illegal stop, wrongful detention/arrest, excessive force, and an unlawful search of both a person and a vehicle. This lawsuit further demonstrates the City's pattern of tolerating officer misconduct.

157.     In *Dorsey v. William T. Sierzega; Daniel Fair[1] et al.*, Officer Sierzega was implicated in serious civil rights violations, including unlawful detention, false arrest, and excessive force. These actions bear significant similarities to the misconduct alleged by Plaintiff in the present case. Despite Sierzega's involvement in multiple incidents of unconstitutional conduct, including the unlawful detention and mistreatment of individuals like Plaintiff, the City

---

[1] While not directly related to the Dorsey case, Officer Daniel Fair, who was also named in that lawsuit, was later arrested and charged with two counts of official misconduct and two counts of obstruction of justice for allegedly fabricating evidence, lying on police reports, and failing to submit confiscated firearms into evidence (Cook County Case No.: 23CR0876501). This further underscores the City's failure to discipline officers engaged in serious misconduct, fostering a culture of impunity within the Chicago Police Department.

of Chicago has failed to take meaningful corrective action. This pattern of tolerating and failing to address repeated violations demonstrates the City's endorsement of these unlawful practices, contributing directly to the harms suffered by Plaintiff in this case.

158.     This pattern of misconduct is further confirmed by internal investigations, such as COPA Investigation 2022-0003752, where both Defendant Officer Sierzega and Defendant Officer Rodriquez were found to have violated, *inter alia,* CPD Rules 2, 3, and 5 for unlawfully entering a residence without a warrant. The sustained findings against both officers for misconduct further highlight the City's failure to discipline or reform officers engaged in repeated constitutional violations.

159.     Despite numerous lawsuits, settlements, and sustained findings from internal investigations such as COPA 2022-0003752, the City of Chicago has failed to take adequate steps to address and correct these unconstitutional practices. As a result, officers like Defendants Tohatan, Sierzega, and Rodriquez have been allowed to repeatedly violate the constitutional rights of individuals, including Plaintiff.

160.     At all relevant times, Defendants City of Chicago and CPD were responsible for the hiring, training, supervision, and discipline of CPD officers, including Officers Tohatan, Renault, Rodriquez, Vecchio, Ucho, Mina, and other UNKNOWN OFFICERS.

161.     The unlawful actions of the individual Defendants, including but not limited to: (a) Unlawful searches and seizures; (b) False arrests; (c) Excessive force; (d) Racial profiling and discrimination, were carried out pursuant to policies, customs, or practices of the City of Chicago and CPD that condoned and facilitated such constitutional violations, either explicitly or through a failure to act.

162.    Upon information and belief, the City of Chicago and CPD maintained unconstitutional customs, policies, or practices, including: (a) Failing to properly train officers on the constitutional limits of searches, seizures, and the use of force; (b) Tolerating, condoning, or turning a blind eye to racial profiling and discriminatory practices by CPD officers; (c) Failing to adequately investigate or discipline officers for prior incidents of misconduct; (d) Encouraging or allowing a pattern of unconstitutional actions by officers through inadequate supervision and oversight.

163.    These policies, customs, or practices were the moving force behind the constitutional violations suffered by Plaintiff, including but not limited to: (a) The unlawful stops, searches, and seizures on September 26, 2023, October 21, 2023, April 9, 2024, and April 10, 2024; (b) The use of excessive force against Plaintiff on April 9, 2024; (c) The racial profiling and discriminatory treatment during these encounters.

164.    As a direct and proximate result of these policies, customs, or practices, Plaintiff suffered emotional distress, humiliation, loss of liberty, and psychological harm.

WHEREFORE, Plaintiff Rodney Ipaye, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against Defendants City of Chicago and Chicago Police Department, and award Plaintiff the following relief:

I.      Compensatory damages in an amount to be determined at trial;

II.     Punitive damages to punish Defendants for maintaining unconstitutional policies, practices, or customs;

III.    Attorneys' fees and costs as provided under 42 U.S.C. § 1988;

IV.     Any other relief this Court deems just and proper.

**COUNT XIV – Failure to Comply with Illinois Freedom of Information Act (5 ILCS 140)**
**Against City of Chicago**

165.    Defendant City of Chicago at all times relevant was responsible for ensuring compliance with the Illinois Freedom of Information Act (FOIA) (5 ILCS 140), which governs the disclosure of public records.

166.    Following the incidents described in this Complaint, Plaintiff, through his legal representatives, submitted multiple FOIA requests to the City of Chicago and the Chicago Police Department (CPD).

167.    These requests sought bodycam footage, dashcam footage, police reports, OEMC transcripts and recordings, and other relevant public records related to the incidents that occurred on September 26, 2023, October 21, 2023, April 9, 2024, and April 10, 2024.

168.    Despite Plaintiff's lawful requests, Defendants failed to provide the requested records in a timely manner and did not comply with FOIA's statutory requirements by either producing the documents or providing a valid legal basis for the refusal or delay in disclosure.

169.    Plaintiff's legal counsel pursued all available administrative remedies as required under FOIA. This included submitting requests for review with the Illinois Attorney General's Public Access Counselor (PAC) after Defendant either denied the requests or failed to respond. Despite these efforts, Defendant continued to withhold the requested documents in violation of FOIA.

170.    This non-compliance hindered Plaintiff's ability to fully investigate the incidents described in this Complaint.

171.     Defendant's actions constitute a willful and intentional violation of Plaintiff's rights under 5 ILCS 140, entitling Plaintiff to relief under the statute.

172.     As a direct and proximate result of Defendant's failure to comply with FOIA, Plaintiff has suffered damages, including but not limited to legal expenses incurred in pursuing the requested records, and statutory damages.

WHEREFORE, Plaintiff Rodney Ipaye, by and through his attorneys, respectfully requests that this Honorable Court enter judgment against Defendant City of Chicago and award Plaintiff the following relief:

I.     Statutory damages as provided under 5 ILCS 140 for Defendant's willful failure to comply with FOIA;

II.     Injunctive relief compelling Defendant to produce the records requested by Plaintiff in compliance with the Illinois Freedom of Information Act;

III.     Attorneys' fees and costs as provided under 5 ILCS 140/11;

IV.     Any other relief this Court deems just and proper.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff Rodney Ipaye, by and through his attorneys, respectfully requests that this Honorable Court enter judgment in his favor and against the Defendants, and award Plaintiff the following relief:

I.     Compensatory damages in an amount to be determined at trial for the emotional distress, psychological harm, humiliation, loss of liberty, and other injuries suffered by Plaintiff as a result of the Defendants' unlawful actions;

II.     Punitive damages in an amount sufficient to punish the individual Defendants for their willful and malicious violations of Plaintiff's rights and to deter similar conduct in the future;

III.     Injunctive relief compelling the City of Chicago and the Chicago Police Department to implement proper training and supervision practices to prevent future violations of constitutional rights;

IV.    Declaratory relief finding that Defendants' actions violated Plaintiff's rights under the Fourth Amendment, Fourteenth Amendment, and the Illinois Constitution;

V.    Attorneys' fees and costs as provided under 42 U.S.C. § 1988, the Illinois Civil Rights Act, and any other applicable law;

VI.    Statutory damages for any violations of the Illinois Freedom of Information Act (5 ILCS 140), should any further claims be added for FOIA violations;

VII.    Prejudgment interest on all compensatory damages as allowed by law; and

VIII.    Any other relief this Court deems just and proper.


Respectfully Submitted,
RODNEY IPAYE, *Plaintiff*

By: /s/Evan J. Smith
Evan J. Smith


Evan J. Smith
ARDC #6339700
Zane D. Smith & Associates, Ltd.
111 W. Washington St., Suite 1750
Chicago, Illinois 60602
312.245.0031
evan@zanesmith.com
*Attorney for Plaintiff*